**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 02-4672

TYRONE JONES,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-02-122)

Submitted: January 28, 2003

Decided: February 25, 2003

Before MICHAEL, MOTZ, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Drewry B. Hutcheson, Jr., MCGINLEY, ELSBERG & HUTCHE-SON, P.L.C., Alexandria, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Richard Cooke, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Tyrone J. Jones appeals his conviction and 110-month sentence, imposed after a jury trial for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). Finding no reversible error, we affirm.

Jones first contends the district court erred in denying his suppression motion. This court reviews the factual findings underlying a motion to suppress for clear error, while reviewing the legal determinations de novo. *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). Reviewing the evidence in the light most favorable to the Government, *see United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998), we find that at the time of Jones' initial seizure, police had reasonable suspicion that criminal activity was afoot. *See Terry v. Ohio*, 392 U.S. 1 (1968). Nor, contrary to Jones' allegations, was the initial seizure anything more than a *Terry* stop. *See United States v. Moore*, 817 F.2d 1105, 1108 (4th Cir. 1987). Consequently, the court properly denied Jones' suppression motion.

Jones next contends the district court erred by admitting into evidence expert testimony regarding the likelihood of obtaining fingerprints from a firearm. The Federal Rules of Evidence authorize the presentation of expert opinion testimony in cases in which scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue. Fed. R. Evid. 702. A district judge considering a proffer of expert testimony under Rule 702, whether based on scientific, technical, or other specialized knowledge, must ensure the evidence is relevant and reliable. *Oglesby v. General Motors Corp.*, 190 F.3d 244, 249-50 (4th Cir. 1999) (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993)). "A reliable expert opinion must be based on scientific, technical, or other specialized *knowledge* and not on belief or speculation, and inferences must be derived using scientific or other valid methods." *Id.* at 250 (emphasis in original). The district court's decision to accept or reject the qualifications of an expert is reviewed for abuse of discretion. *United States v. Powers*, 59 F.3d 1460, 1470-71 (4th Cir. 1995).

We find the Government's witness possessed sufficient specialized knowledge to testify in this regard. Thus, the district court did not abuse its discretion in admitting the contested testimony.

Jones next contends the district court erred by enhancing his sentencing guidelines range pursuant to *U.S. Sentencing Guidelines Manual* § 2K2.1(b)(4) (2000). This court conducts de novo review of legal interpretation of the Guidelines and reviews the underlying factual findings for clear error. *United States v. Williams*, 977 F.2d 866, 869 (4th Cir. 1992). We find no error with the district court's application of the enhancement.

Jones further contends the district court erred in assigning him one criminal history point for a 2001 conviction for leaving the scene of an accident. We find this argument to be without merit. Because Jones received a sentence of thirty days, the district court properly attributed one criminal history point to Jones for this offense. *See* USSG § 4A1.2, comment. (n.2).

Accordingly, we affirm Jones' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*